NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID JAMES,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1992

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-9382, Judge Margaret C. Bartley.

---

Decided: July 30, 2026

---

DAVID JAMES, Lamesa, TX, pro se.

YARIV S. PIERCE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by GEOFFREY M. LONG, PATRICIA M. MCCARTHY, BRETT SHUMATE; Y. KEN LEE, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

------------------

PER CURIAM.

David James is a veteran. S.A.[1] 1. On November 3, 2023, the Board of Veterans' Appeals issued a decision denying James's request for an increased rating for his service-connected asthma and total disability based on individual employability. S.A. 8–17. On December 19, 2024, James filed a notice of appeal with the Court of Appeals for Veterans Claims ("the Veterans Court"). S.A. 6. On May 15, 2025, the Veterans Court, in a single-judge decision, dismissed the appeal because James's notice of appeal was untimely filed and he had not established that he was entitled to equitable tolling. S.A. 1–4. On June 6, 2025, the Veterans Court entered judgment. S.A. 5. On June 16, the Veterans Court received James's motion for a three-judge panel decision. S.A. 7. And on June 25, 2025, James filed his notice of appeal with this court. S.A. 7. The Veterans Court is yet to rule on the motion for a three-judge panel decision. S.A. 7.

The government asserts that remand is appropriate for the Veterans Court to consider the motion for a three-judge panel decision—which may establish that James is entitled to equitable tolling—in the first instance. Informal Resp. Br. 11–14. We cannot consider and remand the appeal ourselves, however, because the motion for a three-judge panel decision renders the Veterans Court's judgment non-final, depriving us of jurisdiction. *Stone v. Immigr. & Naturalization Servs.*, 514 U.S. 386, 392 (1995) (post-decision motions for further review render the underlying order non-final for purposes of judicial review) (abrogated on unrelated grounds); *Allen v. Principi*, 237 F.3d 1368, 1372 (Fed. Cir. 2001) ("[O]ur jurisdiction is limited to

------------------

[1] "S.A" refers to the Supplemental Appendix filed with Respondent's brief.

the review of *final* decisions of the Veterans Court.") (emphasis in original) (citing 38 U.S.C. § 7292(a)).  We accordingly *dismiss* for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.